UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SKY BUSK,

          Plaintiff,

       v.                               Case No. 06-C-1079

WARDEN JEFFREY P. ENDICOTT,
SCOTT ECKSTEIN, MICHAEL REIGH,
CAPTAIN MICHAEL WESS, and THOMAS J. NICKEL,

          Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO CONFER (DOC. #17),
DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. #17),
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
EXTENSION OF TIME (DOC. #22), GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS (DOC. #23), AND
PLAINTIFF'S RETALIATION CLAIM IS DISMISSED

Plaintiff Sky Busk, who in incarcerated at the Redgranite Correctional Institution (RGCI), is proceeding *pro se* on retaliation and Eighth Amendment conditions of confinement claims under 42 U.S.C. § 1983. Before the court are the plaintiff's motion to confer, motion to appoint counsel, and motion for extension of time, as well as the defendants' motion to dismiss. All of these motions are addressed below.

On May 23, 2007, the court issued a Scheduling Order setting an August 24, 2007, deadline for the completion of discovery, and a September 25, 2007, deadline for filing dispositive motions. The plaintiff filed a "Motion to Confer" on June 1, 2007, pursuant to Federal Rule of Civil Procedure 26(b), seeking to confer with the defendants before discovery is submitted. However, as indicated by the defendants in their letter response to the motion filed on June 11, 2007, a discovery planning conference is not required in this case because

the plaintiff is a prisoner proceeding *pro se*. See Fed. R. Civ. P. 26(a)(1)(E)(iv); 26(d)(1); 26(f)(1). Moreover, counsel for the defendants invited the plaintiff to correspond in writing if he had any additional suggestions for their discovery plan. Based on the foregoing, the plaintiff's motion to confer will be denied.

In addition, in his motion to confer, the plaintiff requests appointment of counsel. He asserts that the issues in this case are complex and will require significant research and investigation, and that he has limited access to the law. The plaintiff renewed his request for counsel on July 31 and September 5, 2007. The July 31, 2007, request states that the plaintiff wrote to several attorneys but none will take his case.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. Therefore, counsel is appointed under § 1915(e)(1) only in the rare case where the failure to appoint an attorney would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. Ordinarily, if a plaintiff has made no effort to secure counsel, the motion must be

denied outright. *Id.* But, when this initial requirement is met, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has indicated that he attempted to obtain legal counsel on his own. However, at this stage, the issues in this case appear to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied.

On September 20, 2007, the plaintiff filed a "Motion to Object" in which he expresses opposition to the defendants' failure to answer his First Set of Interrogatories and Second Request for Production of Documents. Although not entirely clear, it appears that the plaintiff made his discovery request two weeks prior to the discovery deadline. He asserts that he encounters difficulties making copies and printing documents in prison. Consequently, the plaintiff asks the court to extend the discovery deadline so that the defendants have the time they need to respond to his discovery requests.

The completion of discovery means that discovery "must be scheduled to allow depositions to be completed, interrogatories and requests for admissions to be answered, and documents to be produced prior to the deadline and in accordance with the Federal Rules of Civil Procedure." Civil. L.R. 26.2 (E.D. Wis.). Under the Federal Rules, parties are required to respond to interrogatories and to requests for production of documents within thirty days

after being served with the requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Thus, the plaintiff's discovery requests were untimely under the applicable discovery rules which provide parties with thirty days to respond to discovery demands.

In this case, because the plaintiff is incarcerated and facing litigation barriers, the court would be amenable to reopening discovery for the limited purpose of allowing the defendants to respond. *See* Civil L.R. 26.2 (E.D. Wis.) (the court may extend the time during which discovery may occur or it may reopen discovery). However, in light of disposition of the defendants' motion to dismiss, *see infra.*, it is not clear that further discovery on the merits is appropriate. Accordingly, the plaintiff's motion will be denied.

### Defendants' Motion to Dismiss

On August 22, 2007, the defendants filed a motion to dismiss. They contend that this action should be dismissed under the doctrine of *res judicata*, or claim preclusion, in light of *Sky Busk v. Jeffrey Endicott, et al.*, Waushara County Case No. 06-CV-0067, wherein the Waushara County Court dismissed this plaintiff's claims with prejudice. The defendants submitted five exhibits in support of their motion:

> 1) Exhibit A, Complaint in Waushara County Case No. 06-CV-67;
>
> 2) Exhibit B, Court Order, July 13, 2006, Waushara County Case No. 06-CV-67;
>
> 3) Exhibit C, Transcript of Motion Hearing, July 7, 2006, Waushara County Case No. 06-CV-67;
>
> 4) Exhibit D, Amended Brief in Support of Motion to Dismiss, May 11, 2006, Waushara County Case No. 06-CV-67; and
>
> 5) Exhibit E, Notice of Appeal and Circuit Court Record, July 19, 2006, Wisconsin Court of Appeals, Appeal No. 2006AP001736.

### Analysis

4

"[D]ismissal under Rule 12(b)(6) is appropriate when a defendant raises *res judicata* as an affirmative defense and it is clear from the complaint's face, and matters of which the district court can take judicial notice, that the plaintiff's claims fail as a matter of law." *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 942 (N.D. Ill. 2005) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000)). In response to a 12(b)(6) motion, a court simply examines the allegations in the complaint to determine whether they pass muster. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). If the court considers matters outside the pleadings, procedural rules require that "the motion shall be treated as one for summary judgment" under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(b). Under this converted motion, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.*

However, a court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *Gen. Elec.*, 128 F.3d at 1080-81. Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper. *Menominee*, 161 F.3d at 456 (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986)). Facts alleged in a brief in opposition to a motion to dismiss as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint as long as they are consistent with the allegations of the complaint. *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

5

The documents submitted by the defendants are public records and other documents filed in public offices, and are thus properly noticeable under the rule. *See Massachusetts v. Westcott*, 431 U.S. 322, 323 n.2 (1977); *Menominee*, 161 F.3d at 456. The court will therefore take judicial notice of these documents.

"Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cole v. Bd. of Trs. of the Univ. of Ill.*, 497 F.3d 770, 772 (7th Cir. 2007) (quoting *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To determine whether a state judgment should preclude a subsequent federal action, federal courts must give the judgment the same preclusive effect as that state would give it. *Allen*, 449 U.S. at 96; *Wilhelm v. County of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003). In Wisconsin a subsequent claim is precluded when there is (1) an identity of the parties or privies in the two suits; (2) an identity between the causes of action in both suits; and (3) a final judgment on the merits in the earlier action. *Pasko v. City of Milwaukee*, 643 N.W.2d 72, 78 (Wis. 2002). "Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for the purpose." *Highway J*, 456 F.3d at 741 (quoting *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)).

6

The defendants contend that this action should be dismissed under the doctrine of *res judicata* because it satisfies the three elements under that doctrine. First, there was a judgment on the merits in Waushara County Case No. 06-CV-67 because that case was dismissed with prejudice on July 13, 2006. *See* Ex. B. At a July 6, 2006, hearing, the state court granted the defendants' motion for summary judgment for the reasons stated at the hearing. *See* Ex. C. Second, there is identity of parties or privies in the two lawsuits in that all five defendants named in this case were named in the state case. *See* Ex. A. Third, there is identity of the two causes of action because the operative facts in both lawsuits are identical. *See id.*

In response, the plaintiff contends that *res judicata* does not bar this case because "that state court made no decision on the merits of the complaint but granted summary judgment to the state and its players based on mixed claims of exhausted and unexhausted claims, and that the defendants enjoy qualified immunity." (Pl.'s Br. at 1-2.) The plaintiff asserts that he filed in federal court because the merits of his complaint were not recognized and were prematurely denied in state court.

The defendants filed a reply brief in which they reiterate their argument that *res judicata* properly disposes of the plaintiff's retaliation claim. Next, the defendants assert that although the plaintiff's conditions of confinement claim was not decided on the merits because it was dismissed for failure to exhaust administrative remedies, futility prohibits relitigation of the claim. According to the defendants, it would be futile for the plaintiff to relitigate this claim because as of July 7, 2006, he had filed no inmate complaints on this claim, *see* Ex. C at 6, and any inmate complaints filed after that would be untimely. Thus, the defendants conclude that the plaintiff cannot proceed on his conditions of confinement claim.

7

In this case, on January 10, 2007, the court screened the complaint pursuant to 28 U.S.C. § 1915A and identified two claims upon which the plaintiff was allowed to proceed. First, he is proceeding a retaliation claim against defendants Reigh, Eckstein, Wess, and Nickel based on allegations that those defendants placed him in temporary lock-up (TLU) in retaliation for complaining about prison staff. Second, the plaintiff is proceeding on an Eighth Amendment conditions of confinement claim which rests on the contention that he was subjected to "severe coldness" while in TLU. The plaintiff was not allowed to proceed on a claim concerning a strip search or a due process violation arising from his placement in TLU.

A review of the state court documents reveals that on March 29, 2006, the plaintiff filed his complaint in Waushara County Case No. 06-CV-67. *See* Ex. A. That complaint is nearly identical to the complaint in this case and names the same five defendants against whom the plaintiff is proceeding in this case.

On July 7, 2006, in Waushara County Case No. 06-CV-67, the state court held a hearing on the defendants' motion to dismiss. *See* Exs. C, D. At the hearing, the court identified five instances where the plaintiff charged a constitutional deprivation: 1) improper placement in TLU; 2) improper continued placement in TLU in violation of the Wisconsin Administrative Code; 3) fabrication of two conduct reports by representatives of the Department of Corrections; 4) improper finding of guilt on the two conduct reports at a due process hearing held at the prison; and 5) cruel or improper treatment in TLU "through the deprivation of sleep, caffeine, fresh fruit, and other amenities[.]" Ex. C at 4-5.

First, the state court considered whether the plaintiff had exhausted administrative remedies. The court determined that he had exhausted "with regard to any

8

claims that were based upon the finding of misconduct either through the preparation in the filing of the report or through the determination of his guilt during the course of a due process hearing." *Id.* at 5. The court ultimately dismissed this claim, finding that the defendants were entitled to qualified immunity. *Id.* at 11-13. However, with regard to the plaintiff's conditions in TLU claim, the court found that "no steps whatsoever within any context that the Court has been able to determine had been taken with regard to the claim that he was cruelly or improperly treated through the deprivation of sleep, caffeine, and/or other amenities[.]" *Id.* at 6. After converting the defendants' motion to dismiss into a motion for summary judgment, on July 13, 2006, the court dismissed the case with prejudice. Ex. B.

On July 19, 2006, the plaintiff filed an appeal to the Wisconsin Circuit Court of Appeals. Ex. E. This appeal is pending, according to Wisconsin court records available on the internet. *See* Wisconsin Supreme Court and Court of Appeals Case Access website, http://wscca.wicourts.gov (last visited Jan. 8, 2008).

As an initial matter, the plaintiff's pending appeal does not preclude this court from deciding the *res judicata* issue. *See Starzenski v. City of Elkhart*, 87 F.3d 872, 877-78 (7th Cir. 1996); *Williams v. Commissioner*, 1 F.3d 502, 504 (7th Cir. 1993); *Kurek v. Pleasure Driveway & Park Dist.*, 557 F.2d 580, 595 (7th Cir. 1977), vacated on other grounds, 435 U.S. 992 (1978) (the pendency of an appeal does not defeat preclusion, unless the proceeding amounts to a trial de novo).

Next, the plaintiff's claim regarding improper placement in TLU, which this court characterized as a retaliation claim, was dismissed on the basis of qualified immunity. Such a dismissal is a final judgment. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, *res judicata* bars relitigation of this claim.

The plaintiff's claim based on conditions in TLU was dismissed for failure to exhaust administrative remedies. This dismissal was without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), and was not a final judgment on the merits. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Thus, the TLU conditions of confinement claim is not barred by *res judicata*.

On the other hand, according to the defendants, it would be futile for the plaintiff to relitigate this claim because at the time the state case was dismissed, July 7, 2006, the plaintiff had filed no inmate complaints regarding severe coldness in his cell. *See* Ex. C at 6. Furthermore, the defendants contend that any inmate complaints filed subsequently would be untimely under Wis. Admin. Code § DOC 310.09(6), which provides that an inmate shall file a complaint within fourteen days after the occurrence giving rise to the complaint. Thus, the defendants submit that because the plaintiff did not and cannot timely file an inmate complaint regarding the severe coldness of his cell during the relevant period, he has not and cannot exhaust his administrative remedies with respect to the instant claim.

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 126 S.Ct. 2378, 2384, 2387 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

In the October 16, 2006, complaint filed in this action, the plaintiff contends that he used the grievance system relating to the complaint, although most inmate complaints "were returned through the examiner's exploitation of policies[.]" (Compl. at 1.) When prison officials prevent inmates from using the administrative grievance procedures, such remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *see also Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

On this record, it is not clear that the plaintiff failed to exhaust because in effect, his complaint asserts that administrative remedies were unavailable to him. Failure to exhaust is an affirmative defense, and the defendants have not met their burden of proving that the plaintiff had available remedies that he failed to utilize. *See Dale*, 376 F.3d at 656. Thus, the plaintiff's conditions of confinement claim may not be dismissed for failure to exhaust. Consequently, the defendants' motion to dismiss will be granted to the extent that

11

the plaintiff's retaliation is barred by *res judicata*. However, the plaintiff's conditions of confinement claim will remain.

Finally, the court notes that on November 15, 2007, the plaintiff field a letter asserting that the Business Office at his institution is deducting 100% of the money from his prison account in violation of the Prison Litigation Reform Act. The plaintiff requests that the court order them to stop.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), provides in relevant part:

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

The question of how a prisoner's filing fee is to be collected is determined entirely by the PLRA and is outside the prison's control once the prisoner files a complaint or notice of appeal. *Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216* F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

In the January 10, 2007, Screening Order in this case the court ordered the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $332.72 balance of the filing fee pursuant to the statutory formula set forth above. (Court's Order of Jan. 10, 2007, at 10-11.) A review of the docket in this case reveals that on November 19, 2007, a partial filing fee of $332.72 was received in this case. It is unclear whether such payment was made in compliance with § 1915(b). The

defendants should look into this matter, determine whether payment of the filing fee in this case has been made in compliance with 28 U.S.C. § 1915(b), and inform the court of its findings on or before January 28, 2008.

Now, therefore,

**IT IS ORDERED** that the plaintiff's motion to confer (Doc. #17) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Doc. #17) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Doc. #22) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (Doc. #23) is **GRANTED IN PART AND DENIED IN PART**, and that the plaintiff's retaliation claim is dismissed as barred by res judicata, and plaintiff's TLU confinement claim may proceed.

**IT IS FURTHER ORDERED** that the defendants determine whether the Department of Corrections has paid the filing fee in this case in compliance with 28 U.S.C. § 1915(b) and this court's order of January 10, 2007. The defendants should inform the court of its findings on or before January 28, 2008.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2008.

                                              BY THE COURT

                                              s/ C. N. CLEVERT, JR.
                                              C. N. CLEVERT, JR.
                                              U. S. DISTRICT JUDGE